UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

ALIVIN J. GRIFFIN,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:16–cv–1370–GMN–VCF

**REPORT & RECOMMENDATION**

Before the court are Griffin's Motion for Remand/Reversal, (ECF No. 14) and the Commissioner's response and cross-motion to affirm (ECF No. 18). For the reasons stated below, the court recommends that Griffin's motion to remand be denied and the Commissioner's cross-motion to affirm be granted.

**I. STANDARD OF REVIEW**

Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). The Social Security Act authorizes the District Court to review the Commissioner's final decision denying benefits. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

1.  <u>Griffin Was Not Engaged in Substantial Gainful Activity</u>

Griffin ascribes error to the administrative law judge's (ALJ) determination that he earned $1,200.00 per month working from home. (ECF No. 14) He alleges that he actually earned $850.00 per month in 2014 and $950.00 per month in 2015.

Even if Griffin's assertion were true, it would not have affected the ALJ ultimate conclusion. The ALJ stated "[a]rguably, the claimant has engaged and was engaging in substantial gainful activity after his alleged onset date." (ECF No. 12 at 16) However, the ALJ ultimately ruled in Griffin favor on this issue: "for the purposes of this decision, and giving the claimant the benefit of the doubt, I have not denied the claimant's application at step one." (*Id.*) Since any error regarding Griffin's monthly earning did not affect the ALJ's ultimate conclusion, the alleged error is harmless.

2.  <u>The ALJ Properly Discounted Third-Party Statements</u>

Griffin contends that the ALJ improperly disregarded lay testimony regarding the severity of his narcolepsy. (ECF No. 14) Griffin presented evidence from several lay witness, including his former supervisor Devonna Glinsey. This evidence showed that Griffin often fell asleep at work and was fired

from jobs because he was unable to stay awake. (*Id.*) However, the ALJ found that "the record does not contain any official record, documentation or statement from the claimant's current employer in the record, indicating … that the claimant is experiencing problems falling asleep/alterations in awareness

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ stated that none of the testimony about Griffin falling asleep on the job was supported by objective evidence. (ECF No. 12 at 21) This is the type of germane reason the ALJ needs to give in order to disregard a lay witness's testimony. *Lewis*, 236 F.3d at 511. The ALJ therefore properly gave little weight to Griffin's lay witness testimony.

3. The Vocational Expert Testimony Was Proper

Griffin next argues that the ALJ erred by not accepting the vocational expert's (VE) testimony that an individual with Griffin's narcolepsy symptoms would not be able to maintain full-time employment. (ECF No. 14) "An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). While the severity of Griffin's narcolepsy was certainly in dispute at the time of the hearing, the ALJ ultimately concluded that the alleged severity was not supported by objective medical evidence. (ECF No. 12 at 20) The ALJ therefore did not err when he declined to adopt the VE's response to a hypothetical that included the full gamut of Griffin's alleged narcolepsy symptoms. *See Osenbrock*, 240 F.3d at 1163.

/// /// ///

/// /// ///

4. New Evidence Does Not Warrant Remand

The court granted Griffin's motion to supplement the record. (ECF No. 22) Griffin provided additional information including a Residual Functional Capacity (RFC) questionnaire that indicated he was disabled. (Id.) "Under 42 U.S.C. §405(g)(Supp. 2001), in determining whether to remand a case in light of new evidence, the court examines whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Griffin argues that his supplemental information is objective medical evidence that supports his claim that his narcolepsy renders him disabled. "To be material under section 405(g), the new evidence must bear 'directly and substantially on the matter in dispute.'" *Id.* The claimant "must additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* There is no question that Griffin's mental health evaluations bear directly and substantially on the disability inquiry. Griffin's testimony at his administrative hearing focused almost exclusively on his narcolepsy. (ECF No. 12 at 38-43) The court is also convinced that there is a reasonable possibly that the new evidence would have changed the outcome. The ALJ's rationale for rejecting testimony related to Griffin's narcolepsy was that it was not supported by objective medical evidence. (ECF No. 12 at 19) Griffin's supplemental information arguably provides the previously absent medical support. Thus there is a reasonable possibility that the outcome would have been different had the ALJ considered Griffin's supplemental information.

Griffin however has not shown good cause for his failure to present the supplemental information to the ALJ. "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. "The claimant must also establish good cause for not having sought the expert's opinion earlier." *Id.*; see also *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 512 (9th Cir. 1987)("Sanchez's attorney was aware of Sanchez's

memory loss at the time of the hearing. Sanchez offers no explanation for his failure to request a mental evaluation.") Griffin was represented by counsel at his administrative hearing. (ECF No. 12 at 32) Griffin does not explain why he did not have his mental health evaluations completed in time for the hearing. He has thus failed to demonstrate good cause for a remand. *See Sanchez*, 812 F.2d at 512.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Griffin's Motion for Reversal and/or Remand (ECF No. 14) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 28) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 21st day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE