# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALVIN J. GRIFFIN,

        Petitioner,

vs.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

        Respondent.

Case No.: 2:16-cv-01370-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Set Aside, (ECF No. 14), filed by Petitioner Alvin J. Griffin ("Petitioner"), and the Cross-Motion to Affirm, (ECF No. 18), filed by Respondent Carolyn Colvin ("Respondent"), concerning the Social Security Commissioner's decision to deny Petitioner disability benefits. These motions were referred to the Honorable Cam Ferenbach, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). In the Report and Recommendation ("R&R"), (ECF No. 32), Judge Ferenbach recommended that Petitioner's Motion to Set Aside be denied and Respondent's Cross-Motion to affirm be granted. Petitioner filed an Objection, (ECF No. 34), and Respondent did not file a response.[1]

## I.  **BACKGROUND**

Petitioner brings this action against Respondent in her capacity as the Commissioner of the Social Security Administration pursuant to the Social Security Act, 42 U.S.C. § 405(g). (Ex.

---

[1] Also pending before the Court are Petitioner's Motion for Judgment on the Pleadings, (ECF No. 36), Motion for Relief from Judgment, (ECF No. 37), and Emergency Motion for Relief, (ECF No. 41). These motions appear to be a re-argument of the same or similar issues raised in Petitioner's Objection to Judge Ferenbach's R&R; and thus, are resolved in this Order. To the extent Petitioner raises new objections, those arguments are untimely because Petitioner filed them more than fourteen days after service of the R&R. *See* D. Nev. Local R. IB 3-2; (Mot. Judgment, ECF No. 36) (filed on January 28, 2019); (Mot. Relief, ECF No. 37) (filed on January 28, 2019); (Em. Mot. Relief, ECF No. 41) (filed on February 4, 2019). Accordingly, Petitioner's motion for judgment on the pleadings, motion for relief from judgment, and emergency motion for relief are denied as moot.

to ECF No. 1 at 6:3–7, ECF No. 2). Petitioner seeks judicial review of a final decision by the Commissioner of the Social Security Administration, wherein the Commissioner denied Petitioner's claims for disability benefits. (*Id.* 6:3–7); (Admin. Record at 20–29, ECF No. 12).

Petitioner applied for disability benefits with the Social Security Administration, claiming he was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Admin. Record at 20, ECF No. 12-1). On October 5, 2015, an Administrative Law Judge ("ALJ") denied Petitioner's application, to which Petitioner timely requested Appeals Council review of the ALJ's decision. (*Id.* at 8). The Appeals Council affirmed the ALJ's decision to deny benefits on March 11, 2016, and again affirmed the ALJ's decision on May 3, 2016, after Petitioner provided additional evidence to support his application for benefits. (*Id.* at 8–9, 11). Petitioner then filed his Complaint in the Eighth Judicial District Court, Clark County, Nevada, and Respondent removed the action to this federal Court on June 16, 2016. (Pet. Removal, ECF No. 1); (Ex. to Pet. Removal, ECF No. 2).

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. <u>DISCUSSION</u>

Petitioner submits two objections to Judge Ferenbach's R&R, which affirmed the Commissioner of Social Security's decision to deny Petitioner disability benefits. First, Petitioner contends that, in his application for disability benefits, he submitted proper documentation about his employer-provided special accommodations; and that the ALJ, and

Judge Ferenbach, failed to consider that documentation. (Objection 2:5–15, 2:12–15, 4:1–13, ECF No. 34). Second, Petitioner argues that Judge Ferenbach should have remanded Petitioner's claim to the ALJ because Petitioner submitted supplemental evidence that the ALJ did not consider. (*Id.* at 8–9). The Court addresses each objection in turn.

### A. ALJ's Decision

The ALJ found that the administrative record did not include "any official record, documentation or statement from [Petitioner's] current employer . . . indicating that any special accommodations are being provided to the claimant, or that the claimant is experiencing problems falling asleep/alterations in awareness while working." (Admin. Record at 27–28, ECF No. 12-1). This finding led the ALJ, in part, to conclude that Petitioner had the "residual functional capacity" to perform the full range of "light work" as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (*Id.*). In the R&R, Judge Ferenbach reviewed the ALJ's conclusion and found no basis to depart from the ALJ's determination that the administrative record lacked these documents from the claimant's employer. (*See* R&R 3:1–3, ECF No. 32) (restating the ALJ's finding on the lack of documentation).

Notwithstanding the above, Petitioner contends that he did submit documents from his then-employer, SITEL, concerning special accommodations; but these documents were mislabeled as "Work Activity" rather than "special accommodation," and therefore overlooked in the administrative record. (Objection 2:12–15, ECF No. 34). Specifically, Petitioner points to documents labeled in the administrative record as AR 428 through AR 431. (*Id.*).

Upon review of the administrative record and Judge Ferenbach's R&R, the Court rejects Petitioner's contention that the ALJ mistakenly concluded there were no official records from Petitioner's employer about approved special accommodations. While the documents identified by Petitioner show a "Transfer Request Form" with SITEL about "Work@Home Solutions," no part is filled out by the employer. (*See* Transfer Request Form at 434–37, ECF

No. 12-1) (showing AR 431 through AR 434). Similarly, only Petitioner's signature appears on a transfer request form, and none of the forms reveal the employer's approval of Petitioner's request.

The ALJ's decision to deny benefits "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Brawner v. Secretary of Health & Human Services*, 839 F.2d 432, 433 (9th Cir. 1987), quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986); *see* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" but "less than a preponderance." *Davis v. Heckler*, 868 F.2d 323, 325–26 (9th Cir. 1989). Here, the Court is unable to find documents in the administrative record that show employer-approved special accommodations being provided to the Petitioner from SITEL. The ALJ's determination on this issue therefore meets the substantial evidence standard. After reviewing Petitioner's objection *de novo*, the Court finds no basis on which to reject Judge Ferenbach's findings and recommendations on this issue.

### B. Supplemental Evidence

Petitioner's second objection concerns two supplemental documents that Judge Ferenbach found untimely submitted during Petitioner's social security hearing, and therefore insufficient to warrant remand of Petitioner's case. (R&R 4:1–6, ECF No. 32); (*see* Objection 4:15–16, ECF No. 34). Those two documents were a "Mental Impairment Questionnaire" ("Questionnaire") and a September 21, 2015 "Psychotherapy Progress Note" by Dr. Greg Harder ("Progress Note"). (Objection 8:3–13); (Mot. Supplement at 1, ECF No. 22).[2]

---

[2] These two documents were out of a total six exhibits that Petitioner sought to supplement the administrative record for Judge Ferenbach's review of the ALJ's decision. (*See* Mot. Supplement at 1, ECF No. 22). Judge Ferenbach, in his R&R, found that Petitioner's supplemental evidence as a whole "arguably provides the previously absent medical support" and "thus there is a reasonable possibility that the outcome would have been different had the ALJ considered [Petitioner's] supplemental information." (R&R 4:17–19). Nonetheless, Judge Ferenbach concluded that Petitioner "has not shown good cause for his failure to present the supplemental information to the ALJ," and therefore "failed to demonstrate good cause for a remand." (R&R 4:20–21, ECF No. 32). Specifically, Judge Ferenbach declared that Petitioner did not explain "why he did not have his mental health evaluations completed in time for the hearing." (*Id.* 5:2–4).

As Petitioner states in his Objection, an applicant for social security benefits generally must submit any written evidence to the ALJ at least five business days before the date of the scheduled hearing. (*See* Objection at 4:18–5:13, ECF No. 34) (citing 20 C.F.R § 405.331); 20 C.F.R. § 416.1435(a). If the applicant misses the deadline before the hearing, the applicant may, in some instances, submit evidence after the hearing but before the decision is issued. (*See* Objection at 4:18–5:13, ECF No. 34) (citing 20 C.F.R § 405.331); 20 C.F.R. § 416.1435(b).

In the instance where, upon judicial review, an applicant seeks to supplement the administrative record with evidence that the ALJ did not consider, the proper remedy for the reviewing court is often remanding the matter to the ALJ. *See* 42 U.S.C. § 405(g). However, remand is proper only where the evidence is "material" and "there is good cause for the failure to incorporate such evidence into the record in a prior [social security] proceeding." 42 U.S.C. § 405(g); *see Garst v. Berryhill*, No. 3:16-cv-00495-MMD-VPC, 2017 WL 3269387, at *4 (D. Nev. Aug. 1, 2017), *report and recommendation adopted*, No. 3:16-cv-00495-MMD-VPC, 2017 WL 3815242 (D. Nev. Aug. 31, 2017). To demonstrate "good cause," a petitioner must demonstrate that the new evidence was unavailable before the ALJ's final decision. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied.").

Petitioner challenges Judge Ferenbach's conclusion of untimely submission by arguing that the Questionnaire "was thought to have been submitted to the ALJ" in time. (Objection 8:3–5). Petitioner further argues that the Progress Note, which according to Petitioner "may not have been submitted within the deadline of 5 business days," should have warranted a remand because "it was still material evidence" that "directly and substantially supports" Petitioner's mental health impairments. (*Id.* 8:8–13). Upon review, however, the Court finds

that Petitioner's statements and evidence show that both documents were available prior to the ALJ's final decision and not timely submitted.

To explain, Petitioner originally stated in his Motion to Supplement the Record that six exhibits, including the Questionnaire and the September 2015 Progress Note, were sent "one (1) day before the [ALJ] hearing and did not make it to the [ALJ] before the hearing." (Mot. Supplement at 1, ECF No. 11).[3] Petitioner, in his Objection, now takes a different approach— an approach based on facts significantly different than what allegedly existed before Judge Ferenbach's R&R. Prior to the R&R, Petitioner stated that the Questionnaire and Progress Note were submitted among other exhibits to the ALJ in a fax by his attorney. (Objection 8:23–14, 9:3–9, ECF No. 34). However, after Judge Ferenbach's R&R stating that those documents may have changed the outcome of the ALJ's decision but were not timely submitted, Petitioner explains that he discovered that his attorney neither sent the Questionnaire nor the Progress Note to the ALJ or placed them in the administrative record. (Objection 9:3–9, ECF No. 34) (stating that Petitioner's attorney gave him a disk "which states what documents were submitted to the ALJ," and "after reviewing the [R&R] it was noted that neither document is on the list explaining why the ALJ did not receive them"). Consequently, Petitioner's argument in his Objection appears to request remand based on newly revealed attorney error.

The Court does not find this argument persuasive. Notably, Petitioner does not provide evidence, or a statement from his prior attorney, showing that the documents were inadvertently

---

[3] With the Progress Note, it appears that Petitioner could not have submitted this document before his hearing with the ALJ because the Progress Note is dated for September 21, 2015, and the hearing occurred on June 23, 2015. (*See* Admin. Record at 9, 20, ECF No. 12-1) (showing the Appeals Council's May 3, 2016 decision reviewing the ALJ's findings, and stating the ALJ's decision of October 5, 2015, "stands as the final decision of the Commissioner"). However, the evidence was available before the ALJ's final decision, and Petitioner does not provide evidence of an attempt to submit the Progress Note before that final decision. Further, the Questionnaire was completed and dated on June 3, 2015. Petitioner does not provide support for why that evidence was not timely presented before the ALJ's hearing later that month. Thus, Petitioner does not provide "good cause" for failing to timely provide the Questionnaire or Progress Note. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

left out of prior document productions due to error.  Further, when Petitioner represented himself to the Appeals Council after the ALJ's October 5, 2015 decision, Petitioner did not reference, discuss, or point to the Questionnaire and Progress Note by Dr. Harder as support for his application for benefits. (*See* Mot. Supplement at 8–13, ECF No. 22) (showing Petitioner's letter dated February 28, 2016, appealing the ALJ's decision).  Therefore, while the documents were available prior to the ALJ's final decision, Petitioner has failed to demonstrate that he attempted to timely submit the Questionnaire and Progress Note, or that "good cause" exists to now remand this matter to the ALJ. *See e.g.*, *Sanchez v. Sec'y of HHS*, 812 F.2d 509, 512 (9th Cir. 1987); *Whitfield v. Astrue*, No. 3:10-cv-0176-LRH-VPC, 2010 WL 4510903, at *2 (D. Nev. Nov. 2, 2010) (stating "an attorney's failure to provide known information and evidence to the court in a prior proceeding does not satisfy the good cause requirement for remand").

Finally, Petitioner argues that the evidence should nevertheless be considered because it "directly and substantially supports . . . mental health impairments." (Objection 8:8–13, ECF No. 34).  Relevance alone is insufficient to warrant remand when there is not good cause for the failure to timely submit the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Altogether, having reviewed Petitioner's objections *de novo*, the Court finds no basis on which to reject Judge Ferenbach's findings and recommendations.  Further, Petitioner's new arguments in his Objection regarding timeliness do not warrant good cause for the Court to consider remanding the matter.

///

///

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 32), is accepted and adopted in full**.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Set Aside, (ECF No. 14), is **DENIED**, and Respondent's Cross-Motion to Affirm, (ECF No. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Judgment on the Pleadings, (ECF No. 36), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment, (ECF No. 37), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Relief, (ECF No. 41), is **DENIED as moot.**

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __8__ day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge